# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | |
|---|---|
| Dr. Natasha Ferguson Dennison,<br><br>　　　　Plaintiff,<br>　v.<br><br>SOUTH CAROLINA STATE UNIVERSITY, a local government entity in South Carolina<br><br>　　　　Defendants. | Case No. 5:25-cv-00384-JFA-SVH<br><br>**COMPLAINT FOR CIVIL DAMAGES**<br><br>1. Violation of The Equal Pay Act of 1963, 29 U.S.C. 29 U.S.C. §§ 206, *ET SEQ.*<br>2. Disparate Treatment in Violation of Title VII; Failure to Hire Based on Gender 42 U.S.C. § 2000e, *ET SEQ.*<br>3. Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, *ET SEQ.*<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Plaintiff, Dr. Natasha Ferguson Dennison, brings this action due to the fact her employer, South Carolina State University (hereinafter, "SCSU[1]") and certain of its administrators, officers, supervisors and employees, including Dr. Matthew Waritay Guah, deliberately paid her less than at least one similarly situated male. In addition, SCSU otherwise discriminated against Dr. Dennison and retaliated against her because of her gender, as well as due to her engagement in certain protected activities.

2. During her employment with the SCSU College of Business and Information Systems, Dr. Dennison consistently observed Dr. Guah's attempts to erect a "glass ceiling" with respect to females and their acquisition of opportunities for professional advancement within the academic institution. The obstacles which the SCSU College of Business and Information Systems has placed in front of Dr. Dennison, through Dr. Guah's actions, have nothing to do with her skill, level of experience or even her objective performance outputs. During her tenure with the SCSU College of Business and Information Systems, Dr. Dennison was paid significantly less than Dr. Ezzeldin R. Aly, a similarly-situated, male SCSU employee, despite the fact that she performed equivalent work. Dr. Dennison was also denied the opportunity to develop Sport Management programs, despite being selected by Dr. Guah for the process. Instead, Dr. Guah supported the efforts of Dr. Aly to develop a Sport Management program.

3. Plaintiff Dr. Natasha Ferguson Dennison, by and through her undersigned attorneys, brings the Violation of *The* Equal Pay Act of 1963, 29 U.S.C. 29 U.S.C. §§ 206 *ET SEQ.*, Disparate Treatment in Violation of Title VII; Failure to Hire Based on Gender 42 U.S.C. § 2000e, *ET SEQ.* and Retaliation in

---

[1] The particular situs of the events described herein is the Orangeburg, SC campus of SCSU.

2

Violation of Title VII, 42 U.S.C. § 2000e, *ET SEQ* against SCSU based on the following allegations.

## THE PARTIES

4. Plaintiff Dr. Natasha Ferguson Dennison is an individual resident of City of Columbia, within the County of Richland and the State of South Carolina. At all times relevant to this Complaint for Civil Damages, Plaintiff was a Black, female, citizen of the United States and an SCSU Adjunct Professor in the SCSU College of Business and Information Systems. While working as an adjunct employee of Defendant SCSU, Dr. Dennison simultaneously served as an Associate Professor for Claflin University.

5. Defendant SCSU is a local governmental entity, within the State of South Carolina. SCSU regularly employs fifty (50) or more persons and is an "employer" as defined in South Carolina Code of Laws §41-1-5, *et seq*. SCSU is in the business of higher education. At all times alleged in this Complaint for Civil Damages, Defendant SCSU acted through its officers, directors, managing agents, servants, supervisory employees and/or representatives.

6. Plaintiff is ignorant of the true names and capacities of those persons sued herein as "DOES 1 through 10, inclusive," and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint for Civil Damages to allege these Defendants' true names and capacities when ascertained.

7. Plaintiff is informed and believes, and on such basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and that Plaintiff's damages were caused by such Defendants.

8. Plaintiff is informed and believes that, at all times mentioned, each of the aforementioned Defendants was the agent, servant, employee, co-venturer, co-conspirator, or representative of each of the remaining Defendants and was, at

3

all times herein mentioned, acting within the course, scope, purpose, consent, knowledge, ratification or authorization of such agency, employment, joint venture, conspiracy or representation.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3) and (4). Venue is proper in the Orangeburg Division, because the causes of action arose therein, the acts and practices complained of occurred there, and it is where Defendant does business and may be found.

## FACTUAL ALLEGATIONS

10. Dr. Matthew Waritay Guah was appointed as the new Dean of the SCSU College of Business and Information Systems, effective October 1, 2022. On October 11, 2022, Dr. Natasha Ferguson Dennison met with Dr. Guah in his SCSU office, upon his invitation. During this meeting, Dr. Guah pointedly initiated conversation about his vision and programmatic goals as the new Dean of the College of Business and Information Systems. Dr. Guah stated that he desired to develop Sport Management Graduate and Undergraduate Programs, specifically utilizing Dr. Dennison's considerable pedagogical experience, her interests in sports and her professional expertise, in order to create these new academic programs.

11. In no uncertain terms, Dr. Guah communicated to Dr. Dennison that, though he could not justify immediately hiring her as a formal member of the SCCU full-time faculty, he would create an SCSU position specifically for Dr. Dennison. The first order of business, according to Dr. Guah, was to ascertain interest amongst the student body in Sport Management Graduate and Undergraduate Programs in general and relative to classes titled "BA 499, and HC 525" in particular. Dr. Guah told Dr. Dennison that he would be able to pay her as an Adjunct Professor for the express purpose of creating, developing and ultimately teaching the BA 499 and HC 525

4

classes as part of comprehensive Sport Management Graduate and Undergraduate Programs. In terms of compensation, Dr. Guah offered to pay Dr. Dennison $25,000.00 during the Spring 2023 semester. He further offered to pay $15,000.00 to $20,000.00 during the 2023 summer term. Dr. Guah represented that he would initiate a payment of $25,000.00 to Dr. Dennison for the Fall 2023 semester. Finally, Dr. Guah asked Dr. Dennison to send to him a copy of her Curriculum Vita ("CV").

12. Dr. Guah presented this plan to Dr. Dennison as his approach to the most efficient and effective means of developing the Sport Management Graduate and Undergraduate Programs. Dr. Guah entrusted Dr. Dennison with this proprietary information even prior to having justification for the advertisement of the position and the conduct of interviews. Dr. Guah clearly expressed his intention that Dr. Dennison be ultimately named to a permanent, full-time position, that he would create at a salary of approximately $100,000.00 per annum.

13. During their October 11, 2022 meeting, Dr. Guah indicated that Claflin University full-time faculty members often work with SCSU faculty, citing the cooperative and collegial relationship enjoyed by the geographically adjacent schools. When Dr. Dennison mentioned that her adjunct course load included classes for the SCSU Department of Health Sciences, Dr. Guah indicated that such obligations would not interfere with the plans to build the Sport Management Graduate and Undergraduate Programs. In fact, Dr. Guah assured Dr. Dennison that it is "a common practice for SCSU" to hire faculty members and professionals to assist with special projects. By way of example, Dr. Guah mentioned that he was in the process of hiring Craig Williamson, a male businessman, who would assist faculty members in obtaining large grants from external sources and also teach two (2) SCSU classes during a single semester, in exchange for $25,000.00.

14. On November 3, 2022, Dr. Dennison again met with Dr. Guah, in his SCSU office. During this meeting, Dr. Guah formally offered to Dr. Dennison the Adjunct position title, from which she was to build the Sport Management Graduate and Undergraduate Programs. On November 15, 2022, Plaintiff accepted the Adjunct position. Dr. Dennison informed Dr. Guah that Claflin University would remain her priority. Dr. Guah affirmed this understanding, adding that Dr. Dennison would be provided the opportunity to teach the Sports Management classes, as well as other classes at SCSU, at her discretion. Dr. Dennison scheduled the SCSU classes to meet after 4:00 p.m. The undergraduate class would meet on Tuesdays and Thursdays from 4:00 p.m. until 5:20 p.m., while the graduate level Sports Management class would take place asynchronously, in an online format.

15. On November 16, 2022, Dr. Guah sent an email to all faculty advertising the BA 499 course that Plaintiff would teach during the 2023 spring. Still on November 16, 2022, Dr. Guah informed the entire SCSU College of Business faculty, via email, that he planned to significantly increase the research capacity of the SCSU College of Business. Dr. Guah specifically referred to the approach of obtaining large external grants that he had detailed to Dr. Dennison.

16. On November 18, 2022, Dr. Guah invited Plaintiff and Sandra Glover, the Director of Leadership and Professional Development, to attend a Zoom Meeting with David Kone of the Cleveland Cavaliers, an NBA franchise. The purpose of this meeting was to develop a networking relationship with the future Sport Management Graduate and Undergraduate programs. On November 21, 2022, Plaintiff sent to Dr. Guah the completed syllabus she had created for BA 499, indicating her plan to contact the SCSU bookstore for the ultimate placement of a BA 499 textbook adoption. Plaintiff had also been assigned by Dr. Guah to teach HC 525, a practicum course for the

6

graduate program. In anticipation of this assignment, Dr. Dennison asked Dr. Guah whether she should also create the syllabus for the HC 525 practicum course. Dr. Guah responded that he expected Plaintiff "to spend few days in the office weekly," so that she could make herself available for a total of nine (9) office hours, spread out over two (2) or three (3) non-teaching days per week. On November 23, 2022, Dr. Guah and Dr. Dennison did indeed meet with David Kone from the Cleveland Cavaliers, via Zoom and this meeting lasted approximately an hour.

17. In December of 2022, Dr. Guah posted Plaintiff's $25,000.00 contract on her official "Banner" account, part of Dr. Dennison's formal personnel file. The job was listed on Banner as an "Adjunct" position. On January 6, 2023, Dr. Guah sent an email to all of the faculty members from the College of Business and Information Systems and introduced Dr. Dennison an Assistant Professor of Sport Management (full-time employee), inconsistent with her Banner characterization.

18. Dr. Guah next rescinded his contractual offer to Dr. Dennison, ordering his administrative assistant to reduce her salary to $2,500.00 for the semester. At the time of this recession, Plaintiff had spent more than fifty (50) hours preparing the syllabi and creating the Sport Management Graduate and Undergraduate programs. On January 10, 2023, Dr. Guah took the steps necessary to have the $25,000.00 contract removed from Plaintiff's Banner account. Plaintiff immediately complained to Mr. Ronald York, SCSU Director of Human Resources, in his office. Mr. York informed Plaintiff on January 12, 2023 that he had spoken to President Alexander Conyers and Provost Frederick Evans. Per the contract, paycheck 1 of 9, in the amount of $2,777.77, should have been tendered to Plaintiff not later than January 15, 2023. Plaintiff did not receive this payment.

19. On February 20, 2023, Dr. Guah disseminated an email to SCSU faculty,

7

boasting about the fact that Dr. Ezzeldin Aly, a "renounced" full-time Sport Management Professor, hailing from Florida Agricultural and Mechanical University ("FAMU"), would be establishing the new Sport Management program. Dr. Guah had apparently intended to characterize Dr. Aly as "renowned." Contrary to the conditions imposed upon Dr. Dennison, however, Dr. Guah enfranchised Dr. Aly to work completely on a remote basis, under the "Adjunct" title. For the same compensation that had been promised to Plaintiff, Dr. Aly was also only tasked with creating a Graduate Sport Management Program, not inclusive of an undergraduate program. On February 21, 2023, Dr. Evans indicated that he would elevate the situation to SCSU's Office of the General Counsel.

20. During the 2023-2024 and the 2024-2025 academic terms, Dr. Aly was paid for creating a Sport Management Graduate program, despite never serving as a full-time SCSU faculty member, serving in an SCSU adjunct teaching capacity and remaining at FAMU. SCSU paid Dr. Aly in the manner it had promised to pay Dr. Dennison. Dr. Dennison's male comparator was paid more money for doing less work, after the contractual assignment was removed from Plaintiff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right to sue notice on October 23, 2024. Plaintiff has fully exhausted all relevant administrative remedies in this matter and the instant lawsuit has followed.

## FIRST CAUSE OF ACTION FOR VIOLATION OF *THE* EQUAL PAY ACT OF 1963, 29 U.S.C. §§ 206 *et seq.*
### (By Plaintiff against SCSU)

22. Dr. Dennison repeats and realleges the allegations contained in paragraphs 1 through 21, inclusive, as if fully set forth herein.

8

23. As a direct and legal result of the conduct of Defendants and each of them as set forth above, Dr. Dennison has suffered special damages for lost earnings and sums due pursuant to the aforescribed adverse employment consequences, in an amount not yet fully known. In addition, Dr. Dennison suffered and will continue to suffer special damages, in an amount not yet ascertained, for emotional, physical and psychological injuries she suffered as a direct and legal result of the conduct of Defendants, all as set forth above. Dr. Dennison has also suffered consequential economic injury in an amount not yet ascertained, as a direct and legal result of the conduct of Defendants, all as set forth above.

24. As a direct and legal result of the conduct of Defendants as set forth above, Dr. Dennison has suffered general damages including but not limited to economic injury, damage to Dr. Dennison's reputation, pain and suffering, humiliation, embarrassment, and grievous emotional, physical and psychological injury. Defendants, by their actions as set forth above, have engaged in despicable conduct, exposing Dr. Dennison to cruel and unjust hardship, with the intention to cause injury to Dr. Dennison and with conscious disregard of her rights. Defendants occupied a position of trust which gave them power to damage Dr. Dennison' ability to earn her livelihood. Defendants abused that position of trust by maliciously, fraudulently and oppressively subjecting Dr. Dennison to the circumstances aforescribed. Dr. Dennison has been compelled to seek legal services to redress the discriminatory actions taken by Defendants and, therefore, seeks reasonable attorney's fees in an amount according to proof at trial, pursuant to 42 U.S.C. §1988.

25. As a female, Plaintiff is a member of a distinct class of persons, who are protected from discrimination by state and federal statutes. Plaintiff was imminently qualified for her position. In spite of her qualifications, via

9

separate and distinct actions, Defendants discriminated against Plaintiff on account of her gender. Throughout her tenure at SCSU, Plaintiff was paid less money for the same work as a similarly-situated male, namely Dr. Aly.

26. Said discrimination was manifest in terms of disparate treatment, in pay and as well as within various patterns and practices of discrimination, including hostile environment harassment. Defendant subjected her to the aforementioned illegally disparate conditions of employment, constituting adverse employment actions. Defendant did not expose similarly-situated persons, employees outside of Plaintiff's protected class, to the same adverse employment consequences.

27. As a direct and proximate result of Defendant's acts and omissions as described above, Plaintiff has suffered and continues to suffer damages, according to proof at trial.

## SECOND CAUSE OF ACTION FOR DISPARATE TREATMENT IN VIOLATION OF TITLE VII; FAILURE TO HIRE BASED ON GENDER, 42 U.S.C. § 2000e, *ET SEQ.*
### (By Plaintiff against SCSU)

28. Dr. Dennison repeats and realleges the allegations contained in paragraphs 1 through 24, inclusive, as if fully set forth herein.

29. Per the aforementioned allegations, Plaintiff was discharged and/or not hired by Defendants because of the Plaintiff's sex, or gender. This discharge and/or failure to hire Plaintiff was because of the Plaintiff's sex, as Plaintiff was otherwise qualified for the employment opportunity described. A similarly situated male comparator, Dr. Aly, an individual outside the Plaintiff's sex or gender classification was treated more favorably.

30. As a direct and proximate result of Defendant's acts and omissions as described above, Plaintiff has suffered and continues to suffer damages, according to proof at trial.

## THIRD CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, *ET SEQ.*
### (By Plaintiff against SCSU)

31. Dr. Dennison repeats and realleges the allegations contained in paragraphs 1 through 27, inclusive, as if fully set forth herein.

32. Plaintiff seeks damages against the defendant for retaliation. Plaintiff has filed a gender discrimination and Equal Pay Act complaint with the EEOC. SCSU has since subjected the plaintiff to an adverse employment action, that is refusal to honor the contract that would have compensated Plaintiff for the creation of the Sport Management Graduate and Undergraduate Programs.

33. Plaintiff was subjected to the adverse employment action because of her participation in a protected activity, filing the EEOC complaint, in opposition to SCSU's engagement in violation of the Equal Pay Act, an unlawful employment practice.

34. A plaintiff is "subjected to an adverse employment action" because of her participation in a protected activity, if the adverse employment action would not have occurred but for that participation. Such is the case in the instant matter.

35. The definition of "adverse employment action" in the context of a retaliation claim is different from that in a disparate treatment claim. Whereas an adverse employment action for purposes of a disparate treatment claim must materially affect the terms and conditions of a person's employment, an adverse action in the context of a retaliation claim need not materially affect the terms and conditions of employment so long as a reasonable employee would have found the action materially adverse, which means it might have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S.

53, 68 (2006), ; *see also Thompson v. N. Am. Stainless, LP*, 562 U.S. 170 (2011).

## JURY TRIAL REQUESTED

36. Plaintiff hereby requests a jury trial.

## PRAYER FOR RELIEF

37. WHEREFORE, Plaintiff respectfully requests that judgment enter in favor of Plaintiff and against Defendants and each of them as follows:

   a.  On all claims, for general and special damages according to proof;

   b.  On all claims against non-municipal, individual Defendants, for exemplary and punitive damages, according to proof;

   c.  For costs, prejudgment interest and reasonable attorneys' fees;

   d.  For such other relief as is just and proper.

Respectfully Submitted

s/Joan E. Winters
Joan E. Winters, Federal ID No. 9355
Winters Law Firm
105 Main Street
Chester, SC 29706
Tel. 803-581-8190
Fax. 803-581-8243
Email: joanie@winterslawsc.com
Attorney for Plaintiff, Natasha Ferguson Dennison