IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dr. Natasha Ferguson Dennison,<br><br>Plaintiff,<br><br>v.<br><br>South Carolina State University,<br><br>Defendant. | C/A No. 5:25-cv-384-JFA-SVH<br><br><br>**MEMORANDUM OPINION AND<br>ORDER** |

## I.     INTRODUCTION

Plaintiff Dr. Natasha Ferguson Dennison ("Plaintiff") sues her employer, South Carolina State University ("Defendant" or "SCSU") for discrimination grounded in allegations of unequal pay and retaliation. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Subsequently, Defendant filed a motion for summary judgment, (ECF No. 14), and Plaintiff filed a cross motion for summary judgment concerning her 42 U.S.C. §§ 2000e *et. seq.* ("Title VII") discrimination claim.

After reviewing the Motions and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Defendant's Motion for Summary Judgment, (ECF No. 14), should be granted and Plaintiff's Motion for Summary Judgment, (ECF No. 16), should be denied. (ECF No. 24). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a full recitation. *Id.*

Plaintiff filed objections to the Report, (ECF No. 27), to which Defendant filed a Reply. (ECF No. 28). Thus, this matter is ripe for review.

## II.   STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

2

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated herein from the Report. (ECF No. 24). However, a brief recitation of the factual background is necessary to address Plaintiff's objections.

Plaintiff's claims as alleged in her Complaint include: an allegation of unequal pay in violation of the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"); and discrimination based on gender and retaliation in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1).

Plaintiff, a female, was employed as an instructor at SCSU. In October 2022, Plaintiff met with Dr. Matthew Waritay Guah ("Guah"), SCSU's Dean for the College of

Business and Information Systems. Guah stated that he wanted to start a new Sports Management undergraduate and graduate degree program at SCSU. Guah testified in his deposition that he attempted to hire Plaintiff as a "full-time adjunct professor" at SCSU to teach an undergraduate course and a graduate course, and work on the administrative requirements to set up a sports management program among other responsibilities. (ECF No. 16-1, pp. 37–38). Guah stated that Plaintiff verbally accepted the offer. *Id.* Plaintiff stated in her deposition that she understood Guah wanted her to work as a part-time adjunct professor rather than full-time. (ECF No. 16-2, pp. 58–60). Full-time adjuncts were paid a flat rate of $25,000.00 whereas part-time adjuncts were paid a uniform rate per credit hour. (ECF Nos. 14-2 & 16-1, p. 64). Pursuant to his understanding Plaintiff was being hired full time, Guah sent an email to other employees of SCSU, introducing Plaintiff as an "Assistant Professor in Sports Management." (ECF No. 14-6). Plaintiff responded to this email clarifying her expectations regarding her employment. (ECF No. 14-7). Plaintiff stated in her email that she still intended to maintain her full-time position at Claflin University and accordingly wanted to serve in "the capacity of an Adjunct." *Id.* This email exchange also detailed the change in pay a part-time versus full-time adjunct professor would receive. (ECF Nos. 14-6, 14-7, 14-8 & 14-9). Plaintiff worked as a part-time adjunct for the Spring 2023 semester.

After the Spring 2023 semester, SCSU engaged another academic in the Sports Management field, Dr. Ezzeldin Aly ("Aly"), a male, to teach a remote undergraduate and graduate course at SCSU as a part-time adjunct faculty member. Aly stated in his

deposition that he has completed no work for SCSU other than teaching courses as a part-time adjunct faculty member. (ECF No. 16-3, p. 45). Plaintiff argues that Aly, unlike her, was allowed to teach the BA 499 Sports Management class remotely. (ECF No. 16, p. 8). Defendant argues; however, that Plaintiff never requested to teach this class remotely, and has offered evidence that Plaintiff taught other courses online during the relevant period. (ECF No. 14-4).

To support her EPA claim, Plaintiff alleges that throughout her tenure at SCSU, she was paid less money for the same work as a similarly situated male, namely Aly. (ECF No. 1). To support her Title VII Discrimination claim, Plaintiff alleges that she was "discharged and/or not hired" for a position later filled by Aly. *Id.* Finally, to support her Title VII Retaliation claim, Plaintiff alleges that she "filed a gender discrimination and Equal Pay Act complaint with the EEOC. SCSU has since subjected the plaintiff [sic] to an adverse employment action, that is refusal to honor the contract that would have compensated Plaintiff for the creation of the Sport Management Graduate and Undergraduate Program." *Id.*

The Magistrate Judge recommends that this Court grant Defendant's Motion for Summary Judgment, (ECF No. 14), and deny Plaintiff's Motion for Summary Judgment, (ECF No. 16). (ECF No. 24, p. 2). In response, Plaintiff enumerated eight separate objections. (ECF No. 27). Defendant addresses each of Plaintiff's objections in its Reply. (ECF No. 28). This Court addresses each objection below.

Objections 1 & 3

For Plaintiff's first objection, she avers the Report erred by accepting "as 'factual' SCSU's representation that there is such a position of 'full-time adjunct' as distinct from 'part-time adjunct.'" (ECF No. 27, p. 3). For Plaintiff's third objection, she argues "the Magistrate erred in failing to appreciate the gravity of SCSU's misrepresentation to the EEOC." *Id.* at 8. This apparent misrepresentation regards the same terminology discussed in objection one and accordingly these objections are addressed and denied together.

In her objections, Platiniff cites and discusses the SCSU handbook at length. *Id.* In this discussion Plaintiff offers the many different titles for the different positions offered at SCSU and argues "[i]t is not possible for Dr. Guah to credibly assert that the terms 'adjunct,' 'assistant[,]' and 'associate' professor are interchangeable." *Id.* at 5. Rather, Plaintiff argues the terms 'full-time adjunct' and 'part-time adjunct' were self-servingly created by Guah to escape an EPA claim, and a genuine issue of material fact exists regarding the "failure to pay $25,000.00 to [Plaintiff]." *Id.* at 7. Further, Plaintiff argues that Guah's statements to the EEOC were false because she stated Plaintiff was offered "an assistant professor position" but Guah stated in his deposition that it was not an assistant professor position, but a "permanent adjunct professor" position. *Id.*at 8.

Plaintiff's attempt to create a genuine issue of material fact over the exact nomenclature of the position Guah offered her is ineffective. Regardless of the exact term given regarding the position, the record reflects that after some initial confusion the nature of Plaintiff's employment was clearly determined. Initially it appeared Guah thought

6

Plaintiff had accepted a "full-time" Assistant Professor position, meaning that while working as an adjunct she would be paid a flat fee of $25,000.00. However, Plaintiff then responded to Guah's email introducing her as an Assistant Professor to clarify that she was working full-time at Clafflin University and accordingly could not also work full-time at SCSU. (ECF No. 14-7). In Guah's response to Plaintiff's email, he made it clear the pay status would be changed to reflect the now mutual understanding regarding the scope of Plaintiff's employment. (ECF No. 14-8 "Ms. Mack will contact HR to change your [pay status] to the normal pay for an adjunct teaching one course.") Plaintiff then responded with an email stating that her brother, a practicing Civil Rights Attorney, directed her not to teach the BA 499 course.[1] (ECF No. 14-9). It does not appear the terminology given for Plaintiff's employment had any bearing on the understanding of her position, or any of the facts which allege she was discriminated against or not paid sufficiently.

The record reflects Guah offered Plaintiff a full-time position. Plaintiff accepted it, believing it to be a part-time position. This discrepancy was resolved after an email exchange between Guah and Plaintiff. Guah's statement to the EEOC that Plaintiff was offered an "assistant professor" position and Guah's later deposition wherein he stated that it was not an "assistant professor" position, but a "permanent adjunct position" is immaterial to this matter. The core of Plaintiff's claims was that she was not paid the same as a similarly situated male co-worker, and that she was discriminated against in violation

---

[1] The record reflects Plaintiff did end up teaching this course in the Spring 2023 semester and earned $2,500.00 from SCSU for doing so. (ECF No. 16-2, p. 80).

of Title VII. The nomenclature used to label Plaintiff's employment is immaterial to resolving these claims.

Accordingly, because the record reflects the scope of Plaintiff's employment was clarified, and the exact term used to label her employment is immaterial to resolving her underlying claims, Plaintiff's first and third objections are overruled.

Objection 2

Plaintiff's second objection states: "The Magistrate's Report makes no mention of the 'Banner' payroll system." (ECF No. 27, p. 7). Plaintiff further argues "Dr. Guah misrepresented the truth with respect to preparing and authorizing [Plaintiff's] rate of pay for the Spring 2023 semester within the 'Banner' payroll system." *Id.* The remainder of Plaintiff's second objection fails to state how the failure to "mention the 'Banner' payroll system" impacts the Report's recommendation. In Guah's email he indicated his staff would notify "HR" to change the pay to the normal pay for an adjunct teaching one course. The issue of Plaintiff's pay was addressed throughout the Report. The Report's making no mention of the 'Banner' payroll system appears to have no impact on this analysis, and Plaintiff's objections fail to point to any possible effect.

Accordingly, to the extent Plaintiff's statements labeled as objection two may be considered a specific objection, it is overruled.

Objections 4 & 5

For Plaintiff's fourth objection, she objects to the Magistrate Judge's conclusion that the record shows Plaintiff rejected the position creating the Sports Management Graduate Program and Aly was never given that position. *Id.* at 9. Plaintiff avers that this conclusion can only be based upon the Magistrate Judge adopting SCSU's legal arguments because Plaintiff never rejected any position. *Id.* Plaintiff's fifth objection similarly argues that the Magistrate Judge erred in accepting SCSU's argument that Plaintiff was not offered the $25,000.00 because she declined to work for Defendant full-time and instead continued to work part-time and was compensated accordingly. *Id.* at 9.

These objections are overruled. In a motion for summary judgment, the facts are construed in favor of the non-moving party. *See* Fed R. Civ. P. 56. Here, as already stated, the record reflects Plaintiff was offered, what Guah believed to be, a full-time position which may have entailed building a sports management program. However, upon clarification from Plaintiff regarding her other full-time duties to another university, Plaintiff's job responsibilities then changed to only being a part-time instructor. This change in anticipated responsibilities came with a change in pay structure. (*See* ECF No. 14-8). Thus, this Court agrees with the Report that the record indicates Plaintiff did not wish to be a full-time employee such that her work would be limited to the courses she taught, not other programs. Plaintiff cannot effectively argue that she wanted the same pay for a position she made clear she was not able to perform due to other responsibilities. (ECF No. 14-7). Further, Plaintiff's arguments appear to be moving far from the claims

9

alleged in her Complaint such that even if this Court were to decide to the contrary in handling this objection, it is unclear what impact this would have on Plaintiff's EPA and Title VII claims.

Accordingly, Plaintiff's fourth and fifth objections are overruled.

<u>Objection 6</u>

Plaintiff's sixth objection states: "Summary judgment precludes Plaintiff's ability to amend the complaint to plead breach of contract theories, which have become manifest via discovery." (ECF No. 27, p. 10). Plaintiff further states that she will "forthright seek leave to amend the operative complaint, according to proof obtained during discovery." *Id.* To the extent this objection can be construed as a request to amend the complaint, it is denied. The deadline for motions to amend the pleadings pursuant to the scheduling order in this matter, (ECF No. 6), was May 8, 2025. The deadline for discovery to be completed was September 5, 2025. *Id.* The Motions for Summary Judgment at issue were filed on October 22, 2025, and October 23, 2025. Accordingly, at the time these motions were filed Plaintiff was in possession of all discovery which may have given rise to these apparent new claims. Further, while Plaintiff stated she would "forthright seek leave to amend the operative complaint," she has not done so.

Rule 15(a) provides that a party may amend its pleadings by leave of court, and that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). This is not such a case where justice so requires this Court to delay ruling on a motion for summary judgment to review a theoretical motion to amend the pleadings. Plaintiff has been in

possession of all discovery for approximately four months. She has not sought leave to amend her pleadings in this time.

Accordingly, Plaintiff's fifth objection is overruled and to the extent it may be considered a request to amend the pleadings, it is denied.

<u>Objections 7 & 8</u>

Plaintiff's eighth objection argues that the Magistrate Judge erred in recommending this Court find Plaintiff did not adequately exhaust her administrative remedies as to her "remote working" argument. (ECF No. 27, p. 12). However, this Court will evaluate Plaintiff's seventh objection as if she had exhausted her administrative remedies, just as the Report did in analyzing this issue. (*See* ECF No. 24, pp. 17–18).  Accordingly, Plaintiff's eighth objection is dismissed as moot. Plaintiff's seventh objection argues that evidence of disparate treatment precludes summary judgment on the Title VII claims. (ECF No. 27, p. 11).

Plaintiff argues that Guah allowed Aly to teach the sports management class remotely, despite not allowing Plaintiff to teach the class remotely. *Id.* The Undersigned takes multiple issues with this claim. First, Plaintiff has provided no evidence that she requested to teach the class remotely. Rather, evidence presented by Defendant and not rebutted by Plaintiff indicates that Plaintiff had repeatedly taught online courses during the relevant period. Further, one of the courses Plaintiff was supposed to teach if it had garnered enough student support, HC 525, would have been taught remotely.

Title VII prohibits employers from taking any personnel actions affecting employees "based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case, "a plaintiff must show that (1) she is a member of a protected class; (2) her employer took an adverse action against her; (3) she had been fulfilling her employer's legitimate expectations at the time of the adverse action; and (4) the adverse action occurred under circumstances that raise a reasonable inference of unlawful discrimination . . . ." *Sempowich v. Tactile Sys. Tech., Inc.*, 19 F.4th 643, 649–50 (4th Cir. 2021) (citation omitted).

Here, Plaintiff fails to provide evidence that allowing an employee to work remotely would constitute an adverse employment action against another employee that did not even request the same condition of employment. Further, Plaintiff has failed to provide evidence that this action, even if adverse, occurred under circumstances that raise a reasonable inference of unlawful discrimination. The record shows Aly was hired as a remote instructor given that he was otherwise employed out of state. No evidence indicates Plaintiff was hired with the expectation she would only instruct courses remotely. Further, Plaintiff was in fact teaching other courses remotely and there is no evidence indicating that a request from Plaintiff to teach BA 499 would have been denied. Accordingly, even giving credence to Plaintiff's position such that the potential failure to exhaust administrative remedies is ignored, Plaintiff's Title VII claims fail as she fails to present a *prima facie* case for this "remote working" claim, the claim argued in her objections.

12

Accordingly, Plaintiff's seventh objection is overruled, and her eighth objection is dismissed as moot.

### IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 24). For the reasons discussed above and in the Report, Defendant's Motion for Summary Judgment, (ECF No. 14) is granted and Plaintiff's Partial Motion for Summary Judgment (ECF No. 16) is denied.

IT IS SO ORDERED.

March 11, 2026                         Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge